NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4109
_____

JOSE RAMIREZ BARAJAS,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                            Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Steven A. Morley
(No. A201-111-962)
_____

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2015

Before: AMBRO, HARDIMAN, and NYGAARD, Circuit Judges

(Opinion filed: December 10, 2015)
_____

OPINION[*]
_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jose Ramirez Barajas, a native and citizen of Mexico, petitions for review of the decision by the Board of Immigration Appeals ("BIA") denying his application for withholding of removal and protection under the Convention Against Torture. For the reasons that follow, we dismiss in part and deny in part his petition.

I.

On May 17, 2011, after Ramirez Barajas was convicted of driving under the influence in violation of Pennsylvania law, the Department of Homeland Security filed a Notice to Appear, charging that he was subject to removal from the United States. Ramirez Barajas conceded that he was removable and applied for withholding of removal and protection under the Convention Against Torture.

After considering the testimony of Ramirez Barajas and other evidence, the Immigration Judge denied Ramirez Barajas's application for relief from removal. The BIA affirmed the Immigration Judge's decision on February 26, 2014. Ramirez Barajas timely filed a motion to reconsider, which the BIA denied on September 11, 2014. On October 8, 2014, Ramirez Barajas filed this petition for review.

II.

The Government argues that we lack jurisdiction to review the Immigration Judge's order or the BIA's affirming order dated February 26, 2014 and that Ramirez Barajas has waived any arguments with respect to the BIA's order denying reconsideration.

We review questions of our own jurisdiction *de novo*. *Higgs v. Att'y Gen.*, 655 F.3d 333, 337 (3d Cir. 2011). Petitions for review of BIA decisions "must be filed not

2

later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). This requirement is "jurisdictional in nature and must be construed with strict fidelity to [its] terms." *Stone v. INS*, 514 U.S. 386, 405 (1995). Filing a motion to reconsider does not toll the 30-day period for seeking review of a BIA decision. *Stone*, 514 U.S. at 398-99. Instead, "[a]n adverse BIA decision on the merits (and accompanying order of removal) and a BIA order denying a motion to reconsider are 'two separate final orders.'" *Castro v. Att'y Gen.*, 671 F.3d 356, 364 (3d Cir. 2012) (quoting *Stone*, 514 U.S. at 405). When there are such separate final orders, we have jurisdiction to review only those orders for which a timely petition for review has been filed. *Stone*, 514 U.S. at 405.

Here, Ramirez Barajas filed his petition for review more than 30 days after the BIA affirmed the Immigration Judge's prior order denying his application for relief from removal. Thus we lack jurisdiction over the petition insofar as it seeks review of those decisions.

As for the motion to reconsider, Ramirez Barajas filed his petition for review less than 30 days after the BIA denied his motion; thus the timing of the petition does not deprive us of jurisdiction to consider any challenge he might wish to raise regarding that motion. But his opening brief does not mention the motion to reconsider, and "[a]n issue is waived unless a party raises it in its opening brief." *Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (quoting *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1066 (3d Cir. 1991) (plurality opinion)). As a result, any challenge to the BIA's decision denying the motion to reconsider is waived. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005).

\* \* \* \* \* \*

The petition for review is timely only as to the BIA's order denying Ramirez Barajas's motion to reconsider, and we need not decide whether that order was an abuse of discretion because Ramirez Barajas waived any such challenge.[1] We accordingly dismiss in part and deny in part his petition for review.

---

[1] Even if Ramirez Barajas's petition for review were timely or he had not waived any challenge to the BIA's denial of reconsideration, he would lose on the merits because the BIA did not abuse its discretion. We have considered his arguments and find them unpersuasive.